# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.              Case No. 08-CR-256

OSBALDO MENDOZA-VALENCIA,

    Defendant.

## ORDER DENYING MOTION FOR CHANGE OF VENUE

  On September 23, 2008, the grand jury returned a single count indictment alleging that Osbaldo Mendoza-Valencia ("Mendoza-Valencia") re-entered the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2). (Docket No. 1.) On March 23, 2009, Mendoza-Valencia filed a motion seeking a change of venue to the Northern District of Illinois. (Docket No. 8.) The government has responded, (Docket No. 9), and Mendoza-Valencia has not replied. The pleadings on Mendoza-Valencia's motion are closed and the matter is ready for resolution. A final pretrial conference is scheduled for April 29, 2009 and a jury trial is scheduled to commence on May 18, 2009 before the Honorable Charles N. Clevert, Jr.

  Mendoza-Valencia concedes that venue is proper in this district. (Docket No. 8 at 3.) While in custody and awaiting trial on federal criminal charges in the Northern District of Illinois the United States Marshal Service in the Northern District of Illinois transported Mendoza-Valencia to the Dodge County Jail in this district, which is one of the facilities that the Marshals Service in the Northern District of Illinois utilizes for holding pre-trial detainees. (Docket No. 8 at 2.) While in the

Dodge County Jail, Immigration and Customs Enforcement ("ICE") officials learned that Mendoza-Valencia was suspected of having returned to the United States after having been previously been deported. (Docket No. 8 at 2.) ICE agents interviewed Mendoza-Valencia at the Dodge County Jail and he admitted having re-entered the United States after having been previously deported. (Docket No. 8 at 2.)

Nonetheless, Mendoza-Valencia contends that venue should be transferred to the Northern District of Illinois because his wife and three children all live in Chicago and have difficulty attending any court appearances in Milwaukee. (Docket No. 8 at 4-5.) Should this matter proceed to sentencing, the input of his wife and children, all of whom are American citizens, might play a significant role in the court's determination of an appropriate sentence. (Docket No. 8 at 5.) The government would not be inconvenienced, Mendoza-Valencia contends, because this case is simple and may be readily transferred to an Assistant United States Attorney in the Northern District of Illinois. (Docket No. 8 at 5.) Further, the ICE office in Chicago "could handle the law enforcement aspects of the case." (Docket No. 8 at 5.) Finally, Mendoza-Valencia emphasizes that the only reason that venue is proper in this district is because the United States Marshals Service chose to bring him into this district to detain him while he was awaiting trial in the Northern District of Illinois. (Docket No. 8 at 6.)

The government responds that transferring this case to the Northern District of Illinois would require the investigating ICE agent and the Dodge County Jail Correctional Officer who were involved in this case and would be the two government witnesses should this matter proceed to trial, to travel to the Northern District of Illinois. (Docket No. 9 at 4-5.) The events occurred in this district, both counsel for the government and for the defendant are present in this district, and although the defendant contends that Milwaukee in inaccessible to his family, the government points out that travel to Milwaukee from Chicago can accomplished easily and cheaply. (Docket

2

No. 9 at 5.) Finally, the government contends that docket conditions would favor maintaining venue in this district in light of the fact that this district had only 338 criminal filings last year whereas the Northern District of Illinois had 527. (Docket No. 9 at 6.)

Rule 21(b) states: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." Relying upon Platt v. Minnesota Mining Co., 376 U.S. 240, 243-44 (1964), courts routinely set forth ten factors to be evaluated in determining whether to grant a defendant's motion for a change of venue pursuant to Rule 21(b). See, e.g., United States v. Bein, 539 F. Supp. 72, 73 n.3 (N.D. Ill. 1982) (citing United States v. Keuylian, 602 F.2d 1033, 1038 (2d Cir. 1979); United States v. Testa, 548 F.2d 847, 856-57 (9th Cir. 1977)); see also United States v. Morrison, 946 F.2d 484, 489 (7th Cir. 1991).

> The factors to be considered are: (1) the location of the defendants; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) possible disruption of defendants' business unless the case is transferred; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of each district involved; and (10) any other special factors which might affect the transfer. Platt, 376 U.S. at 243-45. "No one of these considerations is dispositive. . . . It remains for the district court to try to strike a balance and determine which factors are of greatest importance." Morrison, 946 F.2d at 490 n.1.

United States v. Radley, 2008 U.S. Dist. LEXIS 45773, 23-24 (N.D. Ill. 2008) (internal citations edited). To prevail on a motion under Rule 21(b), a defendant need only demonstrate that "all relevant things considered, the case would be better off transferred to another district." In re Balsimo, 68 F.3d 185, 187 (7th Cir. 1995).

The defendant's primary argument is that maintaining venue in this district makes it difficult for his family to attend court appearances, including a potential sentencing where their input might be significant to any sentence he may receive. Generally, a factor such as this could be expected to carry little weight in the balancing of the competing interests regarding venue, particularly when the

3

defendant has failed to demonstrate that venue in this district is an actual bar to his family's attendance at court appearances, but rather venue in this district simply makes attendance of court appearances somewhat inconvenient for his family.

However, the government's arguments in favor of venue in this district also carry comparatively little weight. There are only two government witnesses. Should this matter be transferred, as the government points out in its brief, travel from Milwaukee to Chicago may be completed relatively easily. Further, although the government points out that the Northern District of Illinois nearly 200 more criminal cases than this district filed last year, what the government fails to mention is that, including judges on senior status, the Northern District of Illinois has thirty-three district judges to handle that case load as opposed to this district's five. Further, the government acknowledges that there are relatively few documents in this case and thus could be easily transported to the Northern District of Illinois.

Certain factors do not weigh on either side of the balancing. The defendant is present in this district but that is only because the Northern District of Illinois uses facilities in this district to house its pretrial detainees; a transfer to the Northern District of Illinois may well have little effect upon where he is detained pending trial. Any question about potential disruption to his business has little significance because regardless of where this matter is prosecuted, the defendant will remain in custody in light of the 48 month federal prison sentence he is serving related to his conviction in the Northern District of Illinois. Finally, in light of his incarceration and the fact that his attorney is appointed at government expense, the venue in this district does not result in any additional expenses for the defendant.

Nonetheless, the court concludes that the balance of factors weighs in favor of denying the defendant's motion for a change of venue. Although the court is not unsympathetic to the desire of Mendoza-Valencia's family to be present at his court appearances, travel to Milwaukee from

4

Chicago may be accomplished easily and inexpensively. Further, transferring this case would simply transfer the burden of travel to the witnesses in this case and perhaps also to the attorneys should Mendoza-Valencia current appointed attorney remain on this case along with the currently assigned Assistant United States Attorney. Alternatively, although the facts are not complicated, nonetheless, the appointment of new counsel for Mendoza-Valencia and the assignment of a new Assistant United States Attorney assigned from the Northern District of Illinois office would almost certainly require a delay in the ultimate resolution in this case so as to permit new counsel to become familiar with this case. Further, a delay in the proceedings might be necessary so as to permit time to schedule this matter on a court's calendar in the Northern District of Illinois. This matter is scheduled for trial in this district in slightly more than a month.

Therefore, for these reasons, the court is not persuaded that the convenience of the parties and witnesses and the interests of justice favor transferring this matter to the Northern District of Illinois. Accordingly, Mendoza-Valencia's motion for a change of venue, (Docket No. 8), is **denied**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this <u>10th</u> day of April 2009.

<u>s/AARON E. GOODSTEIN</u><br>U.S. Magistrate Judge